■ HARRY I. KATZ et al., Appellants, v PAUL KATZ, Respondent.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), entered December 1, 1989, which, upon a jury verdict in favor of the defendant and against them, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiffs contend that the jury's verdict in favor of the defendant surgeon must be set aside as against the weight of the evidence. However, upon our review of the record, we cannot conclude that the verdict could not have been reached by any fair interpretation of the evidence adduced at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). The conflicting testimony of the parties and their expert witnesses presented issues of credibility which were within the province of the jury to resolve. In particular, we note that, contrary to the plaintiffs' assertion, nowhere in the telephone conversation between the plaintiff Harry Katz and the defendant (which Harry secretly recorded) did the defendant admit that he had severed a major branch of the ilioinguinal nerve. At most, the defendant referred only to the smaller microscopic branches of the nerve which are usually damaged by the incision or by the stretching or tearing that normally occurs during the course of surgery. Therefore, we will not disturb the verdict.

The plaintiff's further contention that the court erred in giving a so-called "mere error in judgment" charge is unpreserved for appellate review *(see,* CPLR 4110-b, 5501 [a] [3]), and we find no basis to consider it in the exercise of our interest of justice jurisdiction. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.